**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2765
_____

MATTHEW PAUL DEC,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA,
PA Attorney General; PENN DOT, PA Chief Counsel Office, PennDot;
PENNSYLVANIA STATE POLICE; BUTLER COUNTY PENNSYLVANIA,
Butler County Solicitors Office
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-01290)
Magistrate Judge:  Honorable Cynthia R. Eddy (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 20, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: July 9, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Matthew P. Dec appeals pro se from an order of the United States District Court for the Western District of Pennsylvania granting the defendants' motion to dismiss. We will affirm.

In September 2022, Dec filed a civil rights action in the United States District Court for the Western District of Pennsylvania. Dec's claims, which he brought pursuant to 42 U.S.C. § 1983, related to his arrest for driving under the influence and the suspension of his driver's license. He named as defendants the Commonwealth of Pennsylvania, the Pennsylvania State Police, and the Pennsylvania Department of Transportation.[1] The parties agreed to proceed before a Magistrate Judge. The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted that motion, holding that Dec's claims were barred by the Eleventh Amendment. Dec appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over a District Court's dismissal under Rule 12(b)(6) and legal determinations regarding immunity. See Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017); Dotzel v. Ashbridge, 438 F.3d 320, 324-25 (3d Cir. 2006). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up).

---

[1] Dec also sued Butler County but later filed a motion to strike it from the action. The District Court treated that motion as a notice of dismissal and granted it.

In his brief, which we liberally construe, Dec challenges the District Court's conclusion that the defendants were immune from suit. The Eleventh Amendment of the U.S. Constitution protects a state and state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought. See MCI Telecom. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001). Although a state may waive its Eleventh Amendment immunity, see Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002), Pennsylvania has not done so. See 42 Pa. C.S.A. § 8521(b); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000). In addition, Congress has the authority to abrogate a state's sovereign immunity pursuant to its power to enforce the Fourteenth Amendment, but it did not do so through the enactment of § 1983, the federal law pursuant to which Dec proceeded. See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020). Therefore, we agree with the District Court that Dec cannot proceed with his claims against the Commonwealth of Pennsylvania, the Pennsylvania State Police, and the Pennsylvania Department of Transportation. We also conclude that providing Dec with leave to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the foregoing reasons, we will affirm the District Court's judgment. Dec's motion for an expedited ruling is denied.